DAVID K.W. WILSON, Jr., Esq.
Reynolds, Motl and Sherwood
401 North Last Chance Gulch
Helena, MT 59601
(406) 442-3261
(406) 443-7294 (Fax)
kwilson@rmslaw.net

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA, MISSOULA DIVISION

\* \* \* \* \* \* \* \*

| | |
|---|---|
| BRANDY M. FINCH,<br><br>        Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, EQUIFAX<br>INFORMATION SERVICES, LLC,<br>TRANSUNION, and EXPERIAN,<br><br>        Defendants. | Cause No.: CV-06-95-M-JCL<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

\* \* \* \* \* \* \* \*

COME NOW Plaintiff, Brandy M. Finch (Ms. Finch), by her counsel, and for cause of action against Defendants, state the following:

## PARTIES

1.      Plaintiff is an individual consumer residing in Missoula, Montana.

2.      Defendant Bank of America is a National Bank that issues credit cards. It has its headquarters in North Carolina.

3.      Defendant Equifax Information Services, LLC (Equifax) is a foreign corporation duly registered to do business in the State of Montana.

4.      Defendant Transunion, LLC (Transunion), is a foreign corporation duly registered to do business in the State of Montana.

5.      Defendant Experian Information Solutions (Experian) is a foreign corporation duly authorized to do business in the State of Montana.

## VENUE AND JURISDICTION

6.      Equifax, Transunion and Experian are "consumer reporting agencies" as that term is defined by 15 U.S.C. § 1681a(f) of the Fair Credit Reporting Act (FCRA). This Court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. Bank of America is a "furnisher" of information, as that term is used at 15 U.S.C. § 1681s-2. Specifically, this Court has jurisdiction under 15 U.S.C. § 1681p. The Defendants are liable to Ms. Finch pursuant to the provisions of the FCRA as well as other applicable federal statutes. Defendants are also liable to Ms. Finch pursuant to the laws of the State of Montana, which claims may be brought under the pendant jurisdiction of this Court.

7.      Venue is proper in the Missoula Division, pursuant to Rule 3.1, Local Rules of Procedure in that Ms. Finch resides in Missoula, Missoula County, Montana.

## FACTS

*Background*

8. In June of 2005, Ms. Finch and her husband entered into a second mortgage with Missoula Federal Credit Union for the purpose of paying off various debts. One of Ms. Finch's debts was a credit card debt to Bank of America in the amount of $5,619.27.

9. After the closing, on June 23, 2005, Ms. Finch contacted Bank of America and spoke to a Ms. Murdock about whether Bank of America would accept less than the full balance as payment in full. Ms. Murdock informed Ms. Finch that Bank of America would accept 4,394.32 as payment in full. However, by the time that Ms. Finch passed this information on to her Credit Union, it had already sent Bank of America the full $5,617.27 on June 22, 2005.

10. Ms. Finch immediately contacted Bank of America to find out whether they would return the check and accept a new check for the negotiated reduced amount. She was initially told that the check had not yet arrived and that she should call back. When she called back on July 1, 2005, she was told by Bank of America that it had assigned the account to Capital Recovery Services on June 24, 2005. Subsequently, however, she found out that on June 29, 2005, Bank of America cashed the $5,619.27 check. Nevertheless, collection efforts ensued on behalf of Bank of America through Capital Recovery Services, and then after the debt was sold to LVNV Funding, through the collection law firm of Weltman, Weinberg and Reis[1].

---

[1] Ms. Finch has filed and settled a separate lawsuit against the collection agencies under the Fair Debt Collection Practices Act, Cause # CV-06-53-M-LBE, in this Court. Likewise, she has settled, pre-suit, with LVNV.

*Disputes with Equifax*

11.     Ms. Finch accessed her Equifax credit report online on January 27, 2006. Equifax reported the Bank of America debt as a "charged off account". Ms. Finch disputed this trade line online on the same day.

12.     As it is required to do, and as is its customary business practice to do, Equifax conveyed the dispute to Bank of America.

13.     On February 22, 2006, Equifax sent Ms. Finch the results of its reinvestigation. Equifax verified that the Bank of America trade line was being reported correctly, and did not delete the adverse information as requested by Ms. Finch.

*Disputes with Experian*

14.     On January 28, 2006, Ms. Finch accessed her Experian credit report on line. It showed the Bank of America trade line as a charge off.

15.     On the same day, Ms. Finch disputed the Bank of America trade line online.

16.     On February 17, 2006, Experian responded that it had "updated" the Bank of America trade line but still listed it as a "charged off" negative account.

*Disputes with Trans Union*

17.     On October 20, 2005, Ms. Finch obtained a copy of her Trans Union credit report. The Bank of America trade line listed the debt as "payment after charge off/collection", with a high balance of $5,492. Ms. Finch disputed the trade line online.

18.     The April 19, 2006, Trans Union report, however, continues to report the account as "payment after charge off/collection".

*General Damages*

19.     Ms. Finch has been damaged and harmed by the actions of the Defendants. Her damages include, but are not limited to, injury to credit, lost time, lost investment opportunity, and mental anguish and inconvenience. She has had to hire an attorney.

## *CAUSES OF ACTION AGAINST DEFENDANT BANK OF AMERICA*

### Count One – Negligent and/or Willful Violations of the Fair Credit Reporting Act

20.     The preceding paragraphs are realleged as though set forth in full hereunder.

21.     After receiving a consumer dispute from a consumer reporting agency, a creditor or furnisher of information must conduct a reasonable investigation into the matters disputed, and correct the reports made to credit reporting agencies to ensure that the information on the consumer's report is accurate. 15 U.S.C. § 1681 s (2)(B).

22.     Following disputes by Ms. Finch in 2005 and 2006, the credit reporting agencies conveyed her disputes to Bank of America by computer or otherwise. Bank of America failed to conduct a reasonable reinvestigation of Ms. Finch's account, failed to change its reports, and continued to inaccurately report the status of Ms. Finch's account to credit reporting agencies and to Ms. Finch.

23.     Bank of America is liable to Ms. Finch for damages and attorney fees under 15 U.S.C. § 1681n and/or § 1681o.

### Count Two – Defamation

24.     The preceding paragraphs are realleged as though set forth in full hereunder.

25.     As set forth herein, Bank of America willfully and/or maliciously defamed Ms. Finch by: repeatedly reporting and therefore publishing the inaccurate Bank of America account information (charge off or collection account) to Equifax, Experian and Transunion, among

others. Those reports were false and inaccurate in that the account had been paid in full. Bank of America either knew or should have known that Ms. Finch's account had been paid in full, yet knowingly published, by reporting to the credit reporting agencies, this adverse and inaccurate account information to the credit bureaus.

26. Bank of America's publication of false and inaccurate credit information concerning Ms. Finch was done with malice and/or willful intent to injure Ms. Finch, and caused damage to her as set forth herein. Accordingly, Bank of America is liable to Ms. Finch for defamation.

### Count Three - Negligence

27. The preceding paragraphs are realleged as though set forth in full hereunder.

28. Bank of America was negligent and/or grossly negligent in its handling of Ms. Finch's account, and demonstrated a want of ordinary skill in managing its affairs, in its failure to reasonably investigate and respond to Ms. Finch's disputes, in its failure to use reasonable care in administering its account and its collection activities against Ms. Finch, and in attempting to collect, and reporting inaccurately to credit reporting agencies. In doing so, it violated its duties to Ms. Finch.

29. Bank of America's negligent and/or gross negligent actions caused damage to the Ms. Finch as set forth herein.

### Count Four – Violation of Montana Consumer Protection Act

30. The preceding paragraphs are realleged as though set forth in full hereunder.

31. This action is subject to the Montana Consumer Protection Act, §§ 30-14-101, *et seq.*, MCA.

32. Section 30-14-103, MCA, prohibits unfair or deceptive acts or practices.

33. Bank of America engaged in numerous unfair or deceptive acts or practices, including, but not limited to:

    a. Failing to adhere to its agreement with Ms. Finch to accept less than the full amount as payment in full for the debt;
    b. Turning the account over for collection after Ms. Finch had paid it in full, and in failing to call off the collection once it became apparent that Ms. Finch had paid the debt in full;
    c. Failing to properly reinvestigate Ms. Finch's dispute; and
    d. Attempting to collect against Ms. Finch a debt that she did not owe.

34. Bank of America is liable, under § 30-14-133, MCA, for Ms. Finch's actual damages, three times her actual damages, and her attorney fees.

### *CAUSES OF ACTION AGAINST DEFENDANTS EQUIFAX, TRANSUNION AND EXPERIAN*

#### Count Five - Violations of the Fair Credit Reporting Act

35. The preceding paragraphs are realleged as though set forth in full hereunder.

36. Defendants Equifax, Transunion and Experian (CRA Defendants) have violated 15 U.S.C. § 1681i of the FCRA by negligently and/or willfully failing to perform a reasonable investigation of Ms. Finch's disputes of inaccurate information appearing on her credit reports.

37. The CRA Defendants have also willfully and/or negligently violated 15 U.S.C. § 1681e(b) of the FCRA by failing to maintain reasonable procedures to assure maximum possible accuracy of the credit reports that they generated regarding Ms. Finch.

38. Pursuant to 15 U.S.C. § 1681o of the FCRA, the CRA Defendants' actions in negligently violating the FCRA entitle Ms. Finch to recover her actual damages as well as attorneys' fees and costs. In addition, the CRA Defendants' actions in willfully violating the FCRA entitle Ms. Finch to the recovery of actual damages, punitive damages, attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n.

39. The CRA Defendants also maliciously and/or willfully defamed Ms. Finch by their continued publications of the erroneous and derogatory information to third parties after they knew or should have known that Ms. Finch had paid the account in full.

40. The CRA Defendants' actions and omissions are evidence of their recklessness, gross negligence, and wanton disregard for Ms. Finch's rights, personal and financial safety, credit reputation and good name, as well as her emotional well being.

41. As a result of the CRA Defendants' violations of the FCRA and their malicious defamations of Ms. Finch's good name, Ms. Finch is entitled to actual and punitive damages from the CRA Defendants pursuant to 15 U.S.C. § 1681n and o.

## Count Six - Negligence

42. The preceding paragraphs are realleged as though set forth in full hereunder.

43. The CRA Defendants failed to act in a reasonably workmanlike or skillful manner and/or otherwise acted negligently as set forth herein. Their negligent acts include, but are not limited to: their inaccurate reporting of the Bank of America account as being charged off or delinquent; and their failure to correct the inaccurate reports after Ms. Finch had disputed them.

44. The CRA Defendants reported the false information concerning Ms. Finch on credit reports with reckless disregard of whether or not the statements made were false.

45. The CRA Defendants are liable to Ms. Finch for their negligent acts.

## Count Seven - Montana Consumer Protection Act

46. The preceding paragraphs are realleged as though set forth in full hereunder.

47. The Montana Consumer Protection Act, § 30-14-101, *et seq.*, MCA, prohibits unfair or deceptive acts or practices in Montana.

48. The CRA Defendants' unfair or deceptive acts or practices in this case include, but are not limited to: their inaccurate reporting the Bank of America account on Ms. Finch's credit reports; their numerous refusals to conduct a reasonable investigation and correct the incorrect information being reported on Ms. Finch's credit reports; and their continuing, ongoing, willful and intentional efforts to damage Mr. Finch's credit.

49. Pursuant to § 30-14-133, MCA, Ms. Finch is entitled to actual damages, treble damages and attorneys fees.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Finch prays for the following relief:

1. For actual damages;

2. For treble actual damages, pursuant to § 30-14-133, MCA;

3. For attorney fees and costs, pursuant to 15 U.S.C. 1681n & o, and § 30-14-133, MCA;

4. For punitive damages, pursuant to 15 U.S.C. 1681n and § 27-1-221, MCA; and

5. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, F. R. Civ. P., Ms. Finch hereby demands a trial by jury of the issues triable by right by jury.

DATED this 9 day of June, 2006.

REYNOLDS, MOTL AND SHERWOOD

By _____
DAVID K.W. WILSON, JR.
*Attorney for Plaintiff*

## VERIFICATION

STATE OF MONTANA    )
                    :ss.
County of Missoula  )

Brandy Finch, being first duly sworn, deposes and says:

That she is the Plaintiff in the foregoing; that she has read and knows the contents thereof; and that the facts and matters contained therein are true, accurate, and complete to the best of her knowledge and belief.

*Brandy B. Finch*
Brandy Finch

On this 12 day of June, 2006, before me, a notary public, personally appeared Brandy Finch, known to me to be the person whose name is subscribed to the within instrument, and acknowledged to me that she executed the same.



*S. M. Gardner*
Stephanie M. Gardner
Notary Public for the State of Montana
Residing at: Missoula, MT
My commission expires: 5/3/2010